IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| CLEMESTINE C., | \* |
| | \* |
| Plaintiff, | \* |
| | \* Civil No. TMD 17-2314 |
| v. | \* |
| | \* |
| | \* |
| NANCY A. BERRYHILL, | \* |
| Acting Commissioner of Social Security, | \* |
| | \* |
| Defendant.[1] | \* |

\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION GRANTING PLAINTIFF'S
## <u>ALTERNATIVE MOTION FOR REMAND</u>

Plaintiff Clemestine C. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 15).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No

---

[1] On April 17, 2018, Nancy A. Berryhill became the Acting Commissioner of Social Security. *See* 5 U.S.C. § 3346(a)(2); *Patterson v. Berryhill*, No. 2:18-cv-00193-DWA, slip op. at 2 (W.D. Pa. June 14, 2018).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**.

# I

## Background

On June 8, 2016, Administrative Law Judge ("ALJ") Michael A. Krasnow held a hearing in Washington, D.C., where Plaintiff and a vocational expert ("VE") testified. R. at 31-62. The ALJ thereafter found on August 24, 2016, that Plaintiff was not disabled from March 30, 2013, through the date of the ALJ's decision. R. at 8-22. In so finding, the ALJ found that Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she is limited to pushing and pulling no more than occasionally with the right lower extremity; she can climb ramps and stairs, balance, stoop, kneel, crouch, and crawl no more than occasionally; she can never climb ladders, ropes, and scaffolds; and she must avoid concentrated exposure to extreme cold, wetness, and hazards.

R. at 14. In light of this RFC and the VE's testimony, the ALJ determined that Plaintiff could perform her past relevant work as a companion and cleaner. R. at 16-17. The ALJ thus found that Plaintiff was not disabled from March 30, 2013, through August 24, 2016. R. at 17.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on August 14, 2017, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

# II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is

supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

### IV

### Discussion

Plaintiff contends that the ALJ erred in determining that she was capable of performing her past relevant work. Pl.'s Mem. Supp. Mot. Summ. J. 3-7, ECF No. 14-1. She further asserts that the ALJ erroneously assessed her RFC contrary to Social Security Ruling[4] 96-8p, 1996 WL

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to

374184 (July 2, 1996). *Id.* at 7-15. Plaintiff also maintains that the ALJ erroneously evaluated her subjective complaints. *Id.* at 15-16. For the reasons discussed below, the Court remands this case for further proceedings.

Plaintiff argues that remand is warranted because the VE's testimony conflicts with the *Dictionary of Occupational Titles*.[5] *Id.* at 4-7. According to Plaintiff, her past relevant work more closely resembles the medium-level job of home attendant rather than the light-level job of companion. *Id.* at 6-7. Plaintiff thus contends that the VE misclassified her past work and that the ALJ failed to resolve the conflict between the VE's testimony and the *Dictionary of Occupational Titles*. *Id.* (citing *Pearson*, 810 F.3d at 208-09). As Defendant points out, however, on the basis of Plaintiff's testimony at the hearing about her past work as a caretaker or homecare personal assistant, the VE determined that this past job was best characterized as a companion under the *Dictionary of Occupational Titles*. R. at 57. "[U]nder the fourth step of the disability inquiry, a claimant will be found 'not disabled' if he is capable of performing his past relevant work either as he performed it in the past *or* as it is generally required by employers in the national economy." *Pass*, 65 F.3d at 1207. "Thus, in undertaking the evaluation at step four, the ALJ may consider whether the plaintiff can perform her past relevant work as she actually performed it, *or* whether the plaintiff can perform her past relevant work as generally

---

deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

[5] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015); *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption." *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

performed in the national economy." *Matthews v. Colvin*, No. 1:10CV371, 2014 WL 459834, at *4 (M.D.N.C. Feb. 5, 2014). To define a claimant's past relevant work as actually performed, an ALJ must rely on either a properly completed vocational report or the claimant's own testimony. *Boler v. Colvin*, No. 1:10-CV-451, 2013 WL 5423647, at *3 (M.D.N.C. Sept. 26, 2013) (citing *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001)). According to Plaintiff's work history report, her duties involved sitting with the client, watching television, and talking and maintaining companionship with the client. R. at 239. Plaintiff further testified that she lifted about 20 pounds as a homecare attendant. R. at 40. Because the VE considered Plaintiff's testimony in characterizing this past work as a light-level companion (R. at 57, 239) rather than a home attendant under the *Dictionary of Occupational Titles*, her argument that remand is warranted to resolve a conflict between the VE's testimony and the *Dictionary of Occupational Titles* is unavailing.[6]

Plaintiff contends, however, that the ALJ erred in evaluating her subjective complaints. Pl.'s Mem. Supp. Mot. Summ. J. 15-16, ECF No. 14-1. The ALJ found that Plaintiff enjoyed a range of hobbies and social activities, she could drive an automobile, and she could travel independently by train to another state, "including handling her own luggage." R. at 16. When considering a claimant's credibility, however, "[a]n ALJ may not consider the *type* of activities a claimant can perform without also considering the *extent* to which she can perform them." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (citing *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 263 (4th Cir. 2017)). In this regard, disability claimants "should not be

---

[6] Plaintiff also asserts that the ALJ erred in determining that her previous job as a cleaner was past relevant work. Pl.'s Mem. Supp. Mot. Summ. J. 3-4, ECF No. 14-1. Because Defendant did not respond to Plaintiff's argument in her motion for summary judgment, she apparently concedes the error. *See High v. R & R Transp., Inc.*, 242 F. Supp. 3d 433, 446 n.12 (M.D.N.C. 2017) ("A party's failure to address an issue in its opposition brief concedes the issue.").

penalized for attempting to lead normal lives in the face of their limitations." *Lewis v. Berryhill*, 858 F.3d 858, 868 n.3 (4th Cir. 2017) (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)). *But see Johnson*, 434 F.3d at 658; *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (per curiam). "[W]orking sporadically or performing household chores are [sic] not inconsistent with being unable to engage in substantial gainful activity." *Engstrand v. Colvin*, 788 F.3d 655, 661 (7th Cir. 2015); *see Krauser v. Astrue*, 638 F.3d 1324, 1333 (10th Cir. 2011) ("As for watching television, that is hardly inconsistent with [the claimant's] allegations of pain and related concentration problems." (citing *Hamlin v. Barnhart*, 365 F.3d 1208, 1221 (10th Cir. 2004))).

Moreover, "[t]he ALJ also erred in finding that Plaintiff was able to travel interstate without exploring what sort of accommodations were required." *Werner v. Colvin*, No. 2:14-CV-140-PRC, 2015 WL 5031986, at *6 (N.D. Ind. Aug. 25, 2015). Plaintiff testified that, although she traveled by herself by train, she asked a conductor for help. R. at 49. According to Plaintiff, her luggage with "[t]he little handle with the wheels" was "[n]ot too heavy." R. at 49. It is "not apparent from plaintiff's testimony about her trip that she spent a 'substantial part' of her time performing any physical task that translates to the work environment." *Chalfant v. Astrue*, No. CV 10-1684-PLA, 2011 WL 61612, at *6 (C.D. Cal. Jan. 6, 2011). In short, on remand, the ALJ should explain, in light of the foregoing, how Plaintiff's activities show that she can persist through an eight-hour workday. *See Brown*, 873 F.3d at 263.

Because the inadequacy of the ALJ's analysis frustrates meaningful review, remand under the fourth sentence of 42 U.S.C. § 405(g) is warranted. *See Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Because remand is granted on other grounds, the Court does not address Plaintiff's remaining arguments. *See Testamark v. Berryhill*, 736 F. App'x 395, 399 n.2

(4th Cir. 2018) (per curiam). In any event, the ALJ also should address these other deficiencies identified by Plaintiff. *See Roxin v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-2311, 2015 WL 3616889, at *4 (D. Md. June 5, 2015); *Lawson v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-2202, 2015 WL 660827, at *1-2 (D. Md. Feb. 13, 2015).

V

**Conclusion**

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 15) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: January 23, 2019

/s/
Thomas M. DiGirolamo
United States Magistrate Judge